73 A.3d 1243

IN THE MATTER OF MICHAEL D. HALBFISH, AN ATTORNEY
AT LAW (ATTORNEY NO. 011741997).

September 18, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–123, DRB 12–373, and DRB 12–374, concluding that **MICHAEL D. HALBFISH** of **PHILLIPSBURG,** who was admitted to the bar of this State in 1997, should be suspended from the practice of law for a period of six months for unethical conduct in five matters, including violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect); *RPC* 1.3 (lack of diligence), and *RPC* 1.4(b) (failure to communicate with client);

And the Disciplinary Review Board having further concluded that on reinstatement to practice, respondent should be required to practice law under supervision for a period of two years;

And good cause appearing;

It is ORDERED that **MICHAEL D. HALBFISH** is suspended from the practice of law for a period of six months, and until the further Order of the Court, effective October 18, 2013; and it is further

ORDERED that on reinstatement to practice, respondent shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics, for a period of two years, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.